**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

WILLIAM BURR MILLIRON,

     Petitioner,

v.                                Case No.  3:26-cv-1108-MW-MJF

RICKY D. DIXON,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

In this action that Petitioner calls a "Writ of Error Writ of Habeas Corpus," Petitioner failed to comply with two court orders, failed to prosecute this action, and failed to pay the filing fee. The District Court, therefore, should dismiss this action.

### BACKGROUND

On February 12, 2026, Petitioner commenced this action by filing a "Writ of Error Writ of Habeas Corpus." Doc. 1. On February 27, 2026, the undersigned ordered Petitioner to:

- pay a $5.00 filing fee or file a completed application for leave to proceed *in forma pauperis*;

Page 1 of 4

- file an amended petition on the form approved for use in the Northern District of Florida; and

- name his custodian as the Respondent.

Doc. 3. The undersigned imposed a compliance deadline of March 30, 2026, and warned Petitioner that the failure to comply with the order likely would result in dismissal of this action. Petitioner did not comply with that order.

On May 22, 2026, the undersigned ordered Petitioner to show cause for his failure to comply with the undersigned's order of February 27, 2026. Doc. 5. The undersigned imposed a compliance deadline of June 12, 2026, and again warned Petitioner that the failure to comply with the order likely would result in dismissal of this action. Petitioner has not complied with that order.

## DISCUSSION

Federal courts possess an inherent power to dismiss a civil action for failure to comply with a court order. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a

court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Here, Petitioner failed to comply with two court orders, failed to prosecute this action, and failed to pay the filing fee. Petitioner has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this action.

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 1st day of July 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive**

matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.